# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9004 | **DATE** | 2/26/2004 |
| **CASE TITLE** | Circle Group Internet, Inc. vs. Atlas Pearlman, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Amended Memorandum Opinion and Order. Petition to enforce subpoena [1-1], [2-1] is denied. Defendants' motion for attorneys' fees sanction is granted. Defendants' counsel and bank's counsel are directed to attempt to resolve the amount of the fee without further order of court. If they are unable to resolve the matter, defendants are given until 3/15/04 to submit a declaration of fee. Objections may be filed by 3/29/04. U.S. Bank's motion to strike affidavit of Steven Vogel [8-1] is denied and the motion for leave to file counter-affidavit [8-2] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 0 2 2004 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/26/04 | |
| | | '04 FEB 20 PM 5:36 | date mailed notice | |
| MD | courtroom deputy's initials | FILED | MD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| CIRCLE GROUP INTERNET, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 03 C 9004 |
| vs. ) | Judge Joan H. Lefkow |
| ) | |
| ATLAS, PEARLMAN, TROP & BORKSON, ) | |
| P.A., ROXANNE K. BEILLY, CHARLES B. ) | |
| PEARLMAN and ELLA CHUSTNUTT, ) | |
| ) | |
| Defendants. ) | |

## AMENDED MEMORANDUM OPINION AND ORDER

Defendants, Atlas, Pearlman, Trop & Borkson, P.A., and others, in Case No. 02-61082 (S.D. Fla.), filed a petition in this court to enforce a subpoena served on U.S.Bank ("bank"), located in Mundelein, Illinois, for a deposition of a witness designated under Fed. R. Civ. P. 30(b)(6). At the hearing on the motion, the dispute was resolved in part when defendants agreed to serve a subpoena on the 30(b)(6) witness, Mario Valente, in his individual capacity. Remaining before the court is whether defendants are entitled to recover their attorney's fee and expenses based on bank's counsel's improper coaching of the witness and improper instructions to the witness not to answer certain questions propounded during the 30(b)(6) deposition. Bank contends that the questions were improper because they were not within the scope of the 30(b)(6) notice and, therefore, answers were properly refused.

The 30(b)(6) deposition subpoena identified three areas to be covered in the deposition: (1) the accounts at [bank] held in the name of plaintiff; (2) the receipt by the bank of a certain

17

draft; and (3) the policies, procedures, rules and regulations governing the receipt of checks and drafts for deposit and/or collection during a particular period. The questions and remarks at issue (Exh. B to petition) are the following:

(1) <u>Private conferences during deposition</u>

- After answering "No" to a question whether "[i]n 1999 was Circle Group one of [bank's] larger accounts," the witness begins to speak again before another question is asked. Bank's counsel interrupts and suggests they confer outside the presence of defendants' counsel. After the conference, the witness changes his answer, stating, "I would like to change that to, really, I don't know because, you know, I don't know the other accounts, all the accounts at the bank." (Exh. B, pp. 20-22.

- Later, a dispute arises over whether counsel is allowed to take the witness out of the room for a second conference after the witness is asked whether he has any personal or business relationship with an individual "Halpern" (principal of plaintiff) or Circle Group (p.28); after such conference, the witness answered the pending question (p. 30).

(2) <u>Instructions to witness</u>

- Counsel directs witness not to guess after witness stated he didn't remember whether Halpern asked him to send a letter "but he must have." (pp. 25-26);

- counsel objects to follow up questions about sending the letter to Halpern, stating the question assumes facts not in evidence (pp. 26-27);

- After 14 additional questions about the witness's personal dealings with Circle Group, bank's counsel objects on the grounds of relevance within the 30(b)(6) notice and advises counsel to serve an individual notice of deposition on the witness (pp. 33-34);

- Counsel directs the witness not to answer a question as to whom the witness might have enlisted to purchase shares of Circle Group other than himself (possibly referring to other bank customers) on basis that it is beyond scope of deposition notice (pp. 37-38); bank counsel states, "If you feel that I am wrong, then we can adjourn the deposition and you can file whatever motion you deem proper;" thereafter, all such questions were not answered (pp. 39-43).

2

Rule 30(b)(6) requires a designated deponent to "testify as to matters known or reasonably available to the organization." Rule 30(d)(1) requires objections to be "stated concisely and in a non-argumentative and non-suggestive manner and permits refusals to answer "only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Rule 30(d)(3) permits the court to impose "an appropriate sanction" on a person who "has frustrated the fair examination of [a] deponent." Rule 30(d)(4) permits a deponent to move the court for a protective order "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party . . . . Upon demand by the objecting party or deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order." Defendants have cited and the court knows of no rule that prohibits a witness from consulting with counsel before the witness answers a question.

Applying these rules, the court finds as follows:

(a) Defendants have failed to demonstrate that bank's counsel acted improperly in having two private conversations with the witness. The transcript demonstrates that the first conference arose when no question was pending; thus, a motive to influence an answer is unlikely. The second conference occurred once the questions turned to matters outside the knowledge of the bank, *i.e.*, the witness's personal affairs. As to this, counsel in response to the petition states that he believed the witness and the bank may have had a conflict of interest and he could not represent the witness individually. This is a reasonable basis for an immediate attorney-deponent conference.

(b) Had counsel followed Rule 37(d)(4), there would be no question that the deposition could have been properly suspended pending a ruling on the motion. The parties were at an impasse and the only available resolution was such a motion. Bank counsel in directing the witness not to answer did not state his intention to seek a protective order from the court. Although the response to the motion professes that intention, it is belied by the record in that counsel at the critical time merely stood on his relevance objection and offered defendants' counsel the opportunity to make a motion. The rules put the burden of making a motion on the objecting party and thus bank counsel should bear defendants' expense of presenting the motion.

(c) Had a motion for protective order been brought to this court, in other words, as to the issue presented in defendants' petition, the court concludes that the questions exceeded the bounds of Rule 30(b)(6) and defendants' counsel persistence in asking personal capacity questions became oppressive after bank counsel attempted to accommodate the deposing party by answering approximately 15 questions outside the notice. (Although defendants' counsel professes to an oral notice expanding the notice of deposition, bank counsel denies it. In light of a dispute of fact which cannot practicably be resolved, the court will rely as to scope solely on the notice of deposition.)

(d) The remaining objections interposed by bank counsel were sufficiently concise, non-argumentative and non-suggestive to comply with Rule 30(d)(1).

In summary, because bank counsel failed to follow Rule 37(d) to obtain relief, defendants' motion for sanctions under Rule 30(d)(3) is granted. Defendants are allowed a reasonable attorney's fee for bringing the petition to enforce subpoena. Because the objections to the questions were well grounded, however, defendants have suffered no damage because of

bank's failure to seek a protective order. Therefore, no fees or expenses are awarded relating to the resumption of the deposition.

**ORDER**

The petition to enforce subpoena is denied. Defendants' motion for attorney's fee sanction is granted. Defendants' counsel and bank's counsel are directed to attempt to resolve the amount of the fee without further order of court. If they are unable to resolve the matter, defendants are given until March 15, 2004 to submit a declaration of fee. Objections may be filed by March 29, 2004. U.S. Bank's motion to strike affidavit of H. Steven Vogel is denied; the alternative motion for leave to file counter-affidavit is granted.

ENTER:

Dated: February 26, 2004

JOAN HUMPHREY LEFKOW
United States District Judge